Lynne L Wright
5908 Stockdale Highway #1
Bakersfield, California [93309]

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL   DISTRICT OF CALIFORNIA



| | |
|---|---|
| Lynne L Wright | ) **CV 14-09311 - FMO (Ex)** |
| *Plaintiff* | ) VERIFIED COMPLAINT FOR |
| | ) DAMAGES |
| SPECIALIZED LOAN SERVICING | ) |
| LLC | ) |
| | ) |
| *Defendant* | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |

**COMES NOW**, the Plaintiff Lynne L Wright complaining of the defendant as follows:

## INTRODUCTION

1.  This action is an action brought by the Plaintiff for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, Fair Debt Collection Practices Act, 15 U.S.C. §1692.

## I.                     THE PARTIES

2.  Plaintiff, Lynne L Wright, is now and at all times relevant to this action as a "consumer" as that term is defined within 15 U.S.C. §1692a (3).

**COMPLAINT FOR DAMAGES**
1



3.    Defendant, SPECIALIZED LOAN SERVICING LLC., is a CORPORATION formed under the laws of the state of California. Defendant SPECIALIZED LOAN SERVICING LLC. has a principal place of business located at 30 Corporate Park 450, Irvine Ca. 92606. SPECIALIZED LOAN SERVICING LLC. is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

**II.**           **JURISDICTION AND VENUE**

4.    The US District Court District of California has jurisdiction pursuant to 15 U.S.C. §1692 *et,* al and 15 USC§1681p *et* al, and the court has concurrent jurisdiction over Plaintiffs tort state claims. Venue is proper as the occurrences which give rise to this action took place within the state of California, therefore; venue is proper within this court.

**III.**          **FACTUAL ALLEGATIONS**

5.    Plaintiff brings this action regarding the defendant, in their continued attempts to collect an alleged debt defendant claims is owed them. However, Plaintiff is without knowledge of the alleged debt defendant claim is owed.

6.    On or about March 15, 2014, Plaintiff saw on Ticor Title website that SPECIALIZED LOAN SERVICING LLC. had filed a notice of default (*see* attached exhibit A). Plaintiff is without specific knowledge and evidence that supports the defendant claims and allegations.

7.    On or about July 24, 2014 Plaintiff served upon SPECIALIZED LOAN SERVICING LLC.,a Notice of Validation of Debt pursuant to 15 USC§1692, FDCPA (*see* attached exhibit B). The notice required the defendant "debt collector" to validate / verify their alleged debt pursuant to 15 USC§1692g (see exhibit B) As of the date of this filing, Defendant SPECIALIZED LOAN SERVICING LLC.has not responded.

**COMPLAINT FOR DAMAGES**

8. On or about July 28, 2014, Plaintiff obtained her consumer credit report from the three major reporting credit bureaus Equifax, Experian, and Transunion. Plaintiff discovered defendant SPECIALIZED LOAN SERVICING LLC.is reporting this alleged debt to all three credit-reporting agencies. Plaintiff on August 3, 2014 immediately filed disputes with the three credit reporting agencies pursuant to 15 U.S.C. §1681, the FCRA. Only creditors can report on Plaintiff credit report.

9. Plaintiff has suffered significant economic harm as a result of the erroneous credit reporting and failure to verify and or validate their alleged debt although requested.

10. The above detailed conduct by the Defendant has more to do with their deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any legitimacy of their alleged debt. The FDCPA, FRCA, relates to the defendant even if they were collecting a legitimate debt. Plaintiff alleges for the record that the defendant is not a creditor, lenders, nor mortgagees; neither did the defendant provide any credit, or services to Plaintiff. Nonetheless, the defendant is a 'debt collector" pursuant to 15 U.S.C. §1692a (6). Plaintiff alleges the FDCPA states in part;

The term "**debt collector**" means any person who used any instrumentality of Inter-state commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding, the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, or used any name other than his own which would indicate that a third person is collection or attempting to collect such debts. For the purpose of section 808(6), such term also includes any person who used any instrumentality of

**COMPLAINT FOR DAMAGES**

interstate commerce or he mails in any business the principal purpose of which is the enforcement of security interests. Note in the dunning letter sent to plaintiff states that, "SPECIALIZED LOAN SERVICING LLC. is a debt collector".

12.   Plaintiff therefore seeks damages as a result of defendant acts.

## IV.             FIRST CAUSE OF ACTION
### VIOLATION OF 15 U.S.C. §1681i FAIR CREDIT REPORTING ACT
### SPECIALIZED LOAN SERVICING LLC.

13. Paragraph 1-12 are re-alleged as though fully set out herein.

14. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. §1681a (c).

15.   Defendant SPECIALIZED LOAN SERVICING LLC.are "credit furnishers" within the meaning of the15 USC§1681a (c) 15 U.S.C. §1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information, which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by consumer related to her credit information or history, FCRA, 15 U.S.C. §1681s-(2)(a)(1)-(3). Plaintiff consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681 a (d).

16.   The FCRA, 15 U.S.C. §1681s – 2(b) has obligations regarding credit furnishers to investigate consumer disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute: from the consumer pursuant to 15 U.S.C. §1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under §1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate it's accuracy.

**COMPLAINT FOR DAMAGES**
4

After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

> (1) To conduct "an investigation" with respect to the disputed information.
> (2) To "review all relevant information" provided by the credit-reporting agency.
> (3) To "report the results of its investigation" back to the credit reporting agency.
> (4) If the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer.
> (5) To "modify, delete or permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. §1681s-2(b)(1).

17.   In §1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does not trigger a furnisher's duty to reinvestigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation under the FCRA to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA. Such a dispute, it should be noted, likely does create a legal obligation under §1692g of the FDCPA, which Plaintiff served upon SPECIALIZED LOAN SERVICING LLC., Equifax, Experian and Transunion.

18.   Plaintiff alleges that at all relevant times Defendant SPECIALIZED LOAN SERVICING LLC. failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the

accounts in question, violating 15 U.S.C. §1681e(b). Plaintiff alleges that Defendant failed to conduct a proper and lawful reinvestigation.

19.   All actions taken by the Defendant SPECIALIZED LOAN SERVICING LLC., Equifax, Transunion, and Experian were done with malice, were done willfully, and were done with either the desire to harm Plaintiff's and/or with the knowledge that their   actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and state law. Defendant and each of their acts constitute multiple, willful non-compliance with FCRA.

20.  All of the violations of the FCRA proximately caused the injuries and damages to Plaintiff as set forth in this complaint. The FCRA requires the following of Defendants Equifax, Transunion, and Experian;

1.  Prompt Notice of Dispute to Furnisher of Information

(A) *In general*, before the expiration of the 5 business day period beginning on the date on which a consumer reporting agency receives notice of a dispute from  any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from consumer or reseller.

(B) *Provision of other information*. The consumer-reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the  period referred to in the

paragraph (1)(A).

2. *Consideration of consumer information.* In conducting any reinvestigation under paragraph(1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

3.   *Treatment of Inaccurate or Unverifiable Information.*

(A*) In general.* If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall:

(i)   Promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation, and

(ii)   Promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

21. Plaintiff has been significantly harmed by defendant due to erroneous reporting of the alleged debt. Due to defendant(s) acts, Plaintiff has suffered damages that led to multiple denials of credit. The multiple denials of credit were a direct reflection of defendants erroneous credit reporting. Plaintiff is entitled to actual damages for those creditors who denied Plaintiffs credit based on a deteriorated credit score and credit worthiness. Defendant SPECIALIZED LOAN SERVICING LLC. negligent and noncompliant acts may have been a direct violation of 15 U.S.C. §1681(n), and 15 U.S.C. §1681(o) respectively.

**COMPLAINT FOR DAMAGES**

22. Therefore, Plaintiff demands judgment for damages against for actual damages, punitive damages, and statutory damages of $ 1,000.00, attorney fees, and costs pursuant to 15 U.S.C.§ 1681(n) and 15 U.S.C.§`1681(o).

**V.**               **SECOND CAUSE OF ACTION**
**INVASION OF PRIVACY**
**SPECIALIZED LOAN SERVICING LLC.**

23.  Paragraphs 1-22 are re-alleged as though fully set out herein.

24.  Defendant SPECIALIZED LOAN SERVICING LLC.is a "debt collector" and a stranger to the Plaintiff. Plaintiff has no contractual relationship with defendant SPECIALIZED LOAN SERVICING LLC. and Plaintiff has never applied for credit or services with the defendant.

25.  Plaintiff has a right to discovery, to determine where Defendant obtained her personal, private information. Specifically Plaintiff will investigate through discovery where defendant obtained Plaintiff social security number from, and what additional proprietary information the defendant obtained illegally and unlawfully, and how that information is being used.

26.  Defendant OWNIT MORTGAGE SOLUTIONS INC may also be guilty of identity theft under the state and federal law.

27.  Therefore defendant SPECIALIZED LOAN SERVICING LLC.is liable to Plaintiff for actual punitive, consequential, compensatory damages in actual amount determine at trial by the court.

**VI.**               **THIRD CAUSE OF ACTION**
**NEGLIGENT, WANTON, AND /OR INTENTIONAL HIRING**
**SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS AND**
**SPECIALIZED LOAN SERVICING LLC.**

28.  Paragraphs 1-27 are re-alleged as though fully set out herein.

**COMPLAINT FOR DAMAGES**

29.  Defendant SPECIALIZED LOAN SERVICING LLC. was aware of their wrongful conduct in creating an alleged debt Plaintiff is not obligated to, or is not able to discern the amount and character of the alleged debt. Defendant knew and approves of its incompetent employees and agents, attorney debt collectors, and debt collection against the Plaintiff.  Defendant SPECIALIZED LOAN SERVICING LLC. negligently, wantonly, and/or intentionally hired, SPECIALIZED LOAN SERVICING LLC. trained, retained, or supervised incompetent debt collectors in Defendants Company whom were allowed, or encouraged to violate the law as was done to the Plaintiff. Defendant SPECIALIZED LOAN SERVICING LLC.is therefore responsible and liable to the Plaintiff for the wrongs committed against them, and the substantial damages suffered by Plaintiff.

30.  Therefore Plaintiff is entitled to punitive, consequential, actual, and special damages, and any other such damages the court deems necessary.

**VII.**                    **THIRD CAUSE OF ACTION**
**VIOLATION OF U.S.C. §1692, FAIR DEBT COLLECTIONS**
**PRACTICES ACT**
**SPECIALIZED LOAN SERVICING LLC.**

31.  Paragraphs 1-30 are re-alleged as though fully set out herein.

32.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

33.  Plaintiff is a "consumers" as defined in 15 U.S.C. §1692a (3) Defendant. SPECIALIZED LOAN SERVICING LLC. are debt collectors as defined in 15 U.S.C. §1692a (6). Defendants were attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. §1692a (5).

35.  Plaintiff served defendant with a Notice of Dispute in compliance with 15 U.S.C. §1692g. 15 U.S.C. §1692g requires defendant to provide Plaintiff with

verification of the alleged debt once received. 15 U.S.C. §1692g (5)(b) requires defendant to cease all collection activity until the debt collector obtains *verification* of the alleged debt. Defendant has failed to provide one scintilla of proof of their alleged debt. However defendant continues to make attempts at collection of the alleged debt through erroneous credit reporting.

36.   Defendant has violated the FDCPA, and caused damages to Plaintiff by their failure to comply with the Act. Possible defendant's violations include, but are not limited to the following:

a. Defendant have violated 15 U.S.C. §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

b. Defendant have violated 15 U.S.C.§1692 (e ) (8) requires debt collectors to communicate the disputed status of a debt if the "debt collector" knows or should  know that the debt is disputed , standard requires no notification by consumer, written or oral, and instead, depends solely on the debt collectors knowledge that the debt is disputed, regardless of how or when that knowledge is " required."

c. Defendant have violated 15 U.S.C. §1692e(8) "Threatens or communicates false credit information, including the failure to communicate that a debt is disputed".

d. Defendant have violated 15 U.S.C. §1692f, "Using unfair or unconscionable means to collect or attempt to collect a debt".

e. Defendant has violated 15 U.S.C. §1692f(1) "Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

f. Defendant have violated 15 U.S.C. §1692f(6) "Taken, or threatened to take property.

**COMPLAINT FOR DAMAGES**

37.   Specifically defendant SPECIALIZED LOAN SERVICING LLC. knew it was not entitled to collect on the non-existent debt.

38.   Defendant was fully aware that they were/are unable to provide a performance contract executed by Plaintiff, whereby Plaintiff is obligated to defendant.

39.   The defendant is liable to Plaintiff for damages to their consumer credit reports which resulted in higher auto insurance premiums, higher interest rates, intentional infliction of emotional distress, insomnia, embarrassment, loss of sleep, anxiety, loss of affection with their loved ones, and other related damages due to defendant's acts.

40.   Defendant alleges by operation defendant of, execution and filing of the "assignment" Plaintiff became obligated to defendant, and defendant(s) by in large became Plaintiff's creditor.

41.  The Assignment in part alleges" valuable consideration" was given to MERS and that both alleged Note and Deed of Trust (Mortgage) was transferred and negotiated to the defendant.

42.   Plaintiff seeks judicial determinations as to whether the recorded Assignment of Deed of Trust (Mortgage) and the alleged Note executed by MERS conferred any rights, title and interest in the Plaintiff's subject property. Additionally, Plaintiff request the court declare whether "*valuable consideration*" as stated in the assignment is actually monetary or non- monetary in nature of "consideration" and or "*valuable consideration*".

43.   Plaintiff is also entitled to trial and discovery, to afford defendant the opportunity to prove that MERS is named on the Note, take payments on the alleged debt in any manner, whether MERS ever had possession of any alleged Note, and proof defendant paid MERS any monetary value for such alleged debt.

**COMPLAINT FOR DAMAGES**

44.  Plaintiff is otherwise unable to ascertain the validity of defendant's alleged debt and the amounts they claim is due and owing. Plaintiff denies any loan was received by the alleged original creditor and is entitled to discovery and trial to determine is ever such a loan was funded to the Plaintiff. Furthermore, Plaintiff is unable to determine the validity of defendant's purported assignment of the alleged debt for the following reasons:

1.   Firstly Plaintiff is not familiar and or otherwise is not provided with the definition of  the term "valuable consideration" as is the verbiage used on the assignment to SPECIALIZED LOAN SERVICING LLC.

2.   Secondly, it is Plaintiff's understanding that the term "valuable consideration" can be non – monetary in natures.

3.   Thirdly, Plaintiff upon the information and belief understands that MERS is not named on the alleged Note, and never has possession of any alleged Notes.

Therefore MERS could not have transferred, nor received any consideration and or  *valuable consideration* as alleged in this assignment;

4.   Fourth, the assignment was executed on the date defendant alleged the debt was in default, which deems them a " debt collector" and not creditor, per U.S.C. Title 15, Section §1692a(4) "The term "Creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he **receives an assignment or transfer of a debt in default.** SPECIALIZED LOAN SERVICING LLC. solely for the purpose of facilitating collection of such debt for another" is a debt collector, not a creditor, since the assignment was done after the debt was in default. Debt collectors are not allowed to take property.

**COMPLAINT FOR DAMAGES**

45.  Plaintiff is otherwise unable to ascertain the validity of defendant's alleged debt and the amounts they claim is due and owing. Plaintiff denies any loan was received by the alleged original creditor and is entitled to discovery and trial to determine if ever such a loan was funded to the Plaintiff.

46.  Specifically defendant SPECIALIZED LOAN SERVICING LLC. knew it was not entitled to collect on the non- existent debt.

47.  Defendant was fully aware that they were unable to provide a performance contract executed by Plaintiff, whereby Plaintiff is obligated to defendant.

48. It is not sufficient to plead merely that the loan was "assigned". See Jeff-Ray Corp. v Jacobson, 566 So. 2d 885 (Fla. 4th DCA 1990); (See Progressive Express Vs. Ins. Co. v McGrath Comm. Chiro. 913 So. 2d 1281 (Fla. 2d 1281 (Fla. 2d DCA 2005).

49. Only those who have standing to be heard in the judicial proceeding may participate in it. See Byron v. Gallagher, 578 So. 2d 715, 717 (Fla. 5th DCA 1991.

50.Therefore defendants are liable to Plaintiff for damages to their consumer credit reports which resulted in higher auto insurance premiums, higher interest rates, intentional infliction of emotional distress, insomnia, embarrassment, loss of sleep, anxiety, and other related damages due to defendant's acts

51. Defendant(s) are therefore liable unto Plaintiffs pursuant to 15 U.S.C. §1692(k) in the amount of $1,000 plus punitive, consequential, treble damages, and actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's request the following relief to be awarded for each Cause of Action:

**COMPLAINT FOR DAMAGES**

13

1. That this Court declare (declaratory relief) that defendant did not acquire any interest in the alleged debt and or real property.

2.  For Declaratory Relief, including the following Decrees of this Court that:

a. Plaintiff requests a determination of the court to determine if defendant in fact is "debt collector" and or "creditor" as defined in defendant communications, or the act itself.

b. That Defendant is prohibited from sending any additional notices making demands of Plaintiff regarding such alleged debt;

c. Actual, and statutory damages in an amount determined at trial, and within the jurisdictional amount of this court;

d. Awarding Plaintiff any pre- judgment and post – judgment interest as may be allowed under the law.

e. And any other such damages deemed appropriate by the court.

**Jury Trial Demanded.**

Dated: November 28 , 2014

By: *Lynne L Wright*

Lynne L Wright, *Consumer Plaintiff*

**COMPLAINT FOR DAMAGES**
14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### EXHIBIT "A"

### DUNNING LETTER FROM DEFENDANT

### FORCLOSURE HISTORY

**COMPLAINT FOR DAMAGES**

# EXHIBIT "B"

## PLAINTIFF NOTICE OF DISPUTE

## CERTIFICATE OF SERVICE

I certify that the copy of the  VERIFIED COMPLAINT FOR DAMAGES  will

serve upon the defendant listed below in compliance with FRCP Rule 4;


SPECIAL LOAN SERVICING, LLC
c/o R/A CAPITOL CORPORATE SERVICES, INC (C1990324)
8742 Lucent Blvd Ste 300
Higland Ranch, CO 80129



Date:_____



/s/_____

**COMPLAINT FOR DAMAGES**
17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT FOR DAMAGES**

ORIGINAL

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )

Lynne L. Wright
5908 Stockdale Highway #1 Bakersfield, CA 93309

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

SPECIALIZED LOAN SERVICING, LLC
c/o R/A CAPITOL CORPORATE SERVICES INC.
8742 Lucent Blvd. Ste 300 Highland Ranch CO. 80129

**(b)** County of Residence of First Listed Plaintiff **KERN**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

(661) 619-5939

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No    [ ] MONEY DEMANDED IN COMPLAINT: $ 1,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1692 Fair Debt Collection Practices Act
15 U.S.C. 1681 Fair Credit Report Act Violation of Consumer Proection Law

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | **TORTS** | **TORTS** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | | [ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [X] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Commodities/Exchange | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 690 Other | |
| [ ] 895 Freedom of Info. Act | [ ] 196 Franchise | [ ] 360 Other Personal Injury | [ ] 440 Other Civil Rights | **LABOR** | |
| [ ] 896 Arbitration | **REAL PROPERTY** | [ ] 362 Personal Injury-Med Malpractice | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 210 Land Condemnation | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations | |
| | [ ] 220 Foreclosure | [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/ Accommodations | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 230 Rent Lease & Ejectment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act | |
| | | | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation | |
| | | | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: **CV14 - 09311**

CV-71 (10/14)    CIVIL COVER SHEET    Page 1 of 3

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? ☐ Yes ☒ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? ☐ Yes ☒ No | B.1.  Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2.  Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? ☐ Yes ☒ No | C.1.  Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2.  Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1.  Is there at least one answer in Column A? ☐ Yes ☐ No | D.2.  Is there at least one answer in Column B? ☐ Yes ☐ No |
|---|---|
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☐ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

IX(a). **IDENTICAL CASES:** Has this action been previously filed in this court?    ☒ NO    ☐ YES

If yes, list case number(s): _____

IX(b). **RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed in this court?    ☒ NO    ☐ YES

If yes, list case number(s): _____

Civil cases are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

A civil forfeiture case and a criminal case are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

X. **SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** X _Lynne L. Wright_    DATE: December 3, 2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |