# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNE L. WRIGHT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>　　　　Defendant. | Case No.: 1:15-cv-00287 - ---- - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDER |

　　　　Plaintiff Lynne Wright is proceeding *pro se* with this action against Defendant Specialized Loan Servicing, LLC.  Notably, this is the third case Plaintiff has filed which raises the same claims against the same Defendant. *See*, *Wright v. Specialized Loan Servicing, LLC*., Case No. 1:13-cv-00899 LJO JLT; *Wright v. Specialized Loan Servicing, LLC*., Case No. 1:14-cv-01587 LJO JLT. In all three cases, Plaintiff has asserted that Defendant has made false reports regarding a debt to three credit reporting agencies and has used unlawful methods to attempt to collect this debt.  (Doc. 1)  In this third case, just as in the previous two, Plaintiff failed to allege facts sufficient to support her claims.  Thus, the Court dismissed the complaint with leave to amend on February 27, 2015.  (Doc. 14.)  The Court granted Plaintiff 21 days from the date of service, or until March 24, 2015, to file an amended complaint.  To date, Plaintiff has failed to file her First Amended Complaint or otherwise respond to the Court's order.

　　　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within 14 days** of the date of service of this Order why the action should not be dismissed for her failure comply with the Court's order, or in the alternative, to file an amended complaint.

IT IS SO ORDERED.

Dated:   **March 26, 2015**                           **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE