UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNE L. WRIGHT,<br><br>  Plaintiff,<br><br>  v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>  Defendant. | Case No.: 1:15-cv-0287 - --- - JLT<br><br>ORDER DIRECTING THE CLERK TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THE ACTION<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO OBEY THE COURT'S ORDER |

Plaintiff Lynne Wright initiated this action by filing a complaint against Specialized Loan Servicing on December 3, 2014. (Doc. 1.) Because Plaintiff has failed to prosecute this action and failed to comply with the Court's order to file an amended complaint, the Court recommends the action be **DISMISSED**.

**I.    Procedural History**

The Court screened Plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2), and found Plaintiff failed to state facts sufficient to support her claims for relief.[1] (Doc. 14.) Therefore, the Court dismissed the complaint with leave to amend on February 27, 2015. (*Id.*) Plaintiff was directed to file an amended complaint within twenty-one days of the date of service. (*Id.* at 8.) Because Plaintiff did

---

[1] Notably, this is the third action Plaintiff initiated raising the same claims against the same Defendant. *See Wright v. Specialized Loan Servicing, LLC.*, Case No. 1:13-cv-00899 LJO JLT; *Wright v. Specialized Loan Servicing, LLC.,* Case No. 1:14-cv-01587 LJO JLT.

1

not file an amended complaint, the Court ordered Plaintiff to show cause why the action should not be dismissed for her failure to prosecute or, in the alternative, to file an amended complaint.  (Doc. 15.)  To date, Plaintiff has failed to respond to the Court's order.

## II.    Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

## III.   Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal").  The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Similarly, the Court has an interest in managing its docket, given that the Eastern District of California is one of the busiest federal

jurisdictions in the United States and its District Judges carry the heaviest caseloads in the nation. Because Plaintiff has failed to file an amended complaint, despite its necessity for the matter to proceed, the Court's interest in managing its docket weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).

In the Order to Show Cause, the Court warned that it "may dismiss an action with prejudice, based upon a party's failure to prosecute an action or failure to obey a court order . . ." (Doc. 15 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's orders, and her failure to prosecute the action. The Court's warning to Plaintiff that her failure to comply with the order would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV.     Order

Good cause appearing **IT IS HEREBY ORDERED** that the Clerk of Court is DIRECTED to assign a United States District Judge to this action.

## V.     Findings and Recommendations

Plaintiff has failed to comply with the Court's order to file an amended complaint, and has failed to prosecute this action since the complaint was dismissed for failure to state a claim. Accordingly, **IT IS HEREBY RECOMMENDED**:

1.     The action be **DISMISSED** without prejudice; and

2.     The Clerk of Court be DIRECTED to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive

the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 15, 2015**                              **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE